## *In the United States District Court for the Northern District of Illinois Eastern Division*

| | |
|---|---|
| Paige K. Russell,<br><br>  Plaintiff,<br><br>— v —<br><br>Strategic Hotels & Resorts, Inc., a Maryland corporation, d/b/a Fairmont Chicago,<br><br>  Defendant. | FILED: MAY 8, 2009<br>09CV2827<br>JUDGE COAR<br>MAGISTRATE JUDGE BROWN<br>AO<br><br>**Jury trial demanded** |

# Complaint

Plaintiff Paige K. Russell complains as follows against Defendant Strategic Hotels & Resorts, Inc., d/b/a Fairmont Chicago:

### Nature of action

1. Plaintiff sues for damages arising out of a premises-liability incident in Chicago, Illinois, on May 9, 2007.

### Parties

2. Plaintiff is Paige K. Russell ["Ms. Russell"].

3. Defendant is Strategic Hotels & Resorts, Inc., a Maryland corporation, d/b/a Fairmont Chicago.

### Facts

4. Ms. Russell was a guest at Fairmont Chicago hotel, located at 200 North Columbus Drive, Chicago, Illinois, from May 9 through 14, 2007.

5. At all times mentioned herein, Defendant owned and/or operated and/or controlled and/or maintained the property on which the hotel sits.

6. At all times mentioned herein, Defendant had the duty to maintain the premises in a reasonably safe condition for hotel guests, including Ms. Russell, and to provide a safe place by which Ms. Russell could walk through and/or enter and exit the hotel.

7. In violation of this duty, Defendant failed to properly maintain its common walkways and/or the exit and entrance door nearest the athletic club. Specifically, at the time of the incident complained of, the floor immediately outside the door was wet and slippery.

8. This wet-and-slippery condition was due to water falling on the floor from a leaking sprinkler system and/or from drinks discarded by hotel patrons and/or from some other source currently unknown to Ms. Russell. The allegations of this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation and/or discovery.

9. Defendant knew, or had reason to know, that this wet-and-slippery condition created an unreasonable risk of injury to those patronizing its hotel and could reasonably foresee that a patron, such as Ms. Russell, would slip and fall because of this wet-and-slippery condition and be injured as a result.

10. On the date mentioned above, while Ms. Russell walked through the hotel and/or exited the hotel she slipped, fell to the ground, and sustained a broken left arm, nerve damage to her left hand, and other significant injuries.

11. Defendant's negligence in failing to provide and maintain a reasonably safe place free from hazards in which Ms. Russell might walk through and/or enter and exit the hotel was the proximate cause of Ms. Russell's injuries.

12.     The described injuries to Ms. Russell were caused solely and proximately by the negligence of Defendant and without any contributory negligence on the part of Ms. Russell.

13.     As a direct and proximate result of one or more of the acts and/or omissions pled above, Ms. Russell has suffered:

    a.     Pain and suffering, both present and future;

    b.     Emotional distress, both present and future;

    c.     Medical expenses/bills, past and future;

    d.     Permanent physical injuries;

    e.     Loss of enjoyment of life, past and future;

    f.     Wage and/or income loss, past and future; and,

    g.     Other out-of-pocket expenses and damages as permitted under the law or in equity, including, but not limited to pre-judgment interest and post-judgment interest.

**Jurisdiction and Venue**

14.     Ms. Russell is a citizen of the State of Tennessee.

15.     Defendant is a Maryland corporation with its principal place of business in the State of Illinois. The allegations of this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation and/or discovery.

16.     The amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

17.     This Court has jurisdiction under §1332(a)(1) of the Judicial Code [28 U.S.C. §1332(a)(1)].

18. This cause of action arose in the Northern District of Illinois, and venue is proper by §1391(b) of the Judicial Code [28 U.S.C. §1391(b)].

**Wherefore**, plaintiff Paige K. Russell prays for judgment in her favor and against defendant:

    a. In the amount of $150,000; plus

    b. The costs and expenses of this action; plus

    c. Such other relief as this Court deems just and appropriate.

Paige K. Russell,<br>Plaintiff,

By_____s/David L. Lee_____
His attorney

David L. Lee
ARDC #1604422
d-lee@davidleelaw.com
LAW OFFICES OF DAVID L. LEE
53 W. Jackson Blvd.
Suite 660
Chicago, IL 60604
312-347-4400


Of Counsel:
William B. Ryan*
Tennessee Bar #20269
billy@donatilawfirm.com
DONATI LAW FIRM, LLP
1545 Union Avenue
Memphis, TN 38104
901-278-1004

*Motion for Pro Hac Vice Admission to Be Filed